Sucesores of Andreu & Co. *v.* Estate of Martínez.

Appeal from the District Court of Mayagüez.

No. 424.—Decided February 11, 1910.

Appeal—Statement of the Case Not Approved by Judge.—A statement of the case which does not bear the signature and certificate of the trial judge is without legal value.

Agricultural Loans—Jurisdiction of District Courts.—A creditor secured by the pledge of a coffee crop to be gathered is not compelled by the law of agricultural loans of March 10, 1904, to first resort to the municipal court to secure the sale of the goods serving as security before availing himself of the ordinary suit before the district court.

The facts are stated in the opinion.

*Mr. José Benet* for appellant.

*Messrs. Figueras and Acuña* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

This case was set for hearing in this court on January 18, 1910, but no one appeared in behalf of the appellants, the defendants in the court below. They have filed a brief, however, and, among other things, have urged therein that the court committed an error in finding that the facts were in favor of the plaintiffs. We cannot consider the facts because the statement of the case presented is not certified or signed by the judge. (*Maria Rodríguez de las Albas* v. *Francisco Jiménez,* judgment rendered June 1, 1906, and *Eurípides López* v. *The American Railroad Co. of Porto Rico* [11 P. R. Rep., 7 and 148], decided June 28, 1906, and other cases.)

Appellants also allege that the court erred in overruling a demurrer filed to the complaint.

The first ground of demurrer was that the District Court of Mayagüez did not have jurisdiction to try the case inasmuch as the plaintiffs' cause of action arose out of an agricultural loan and that a contract, by virtue of such loan, would have to be governed by the provisions of the Law of March 10, 1904. (Laws of 1904, pp. 141-144.) Section six of that law, it is true, provides for a sale under the orders of the municipal court of the goods which have been mortgaged or secured. Here, however, the complaint clearly set up that none of the coffee which had been secured was in existence. Hence it was unnecessary for the creditor first to resort to the municipal court, even supposing that the securing of the loan by the pledge of the coffee compelled the creditor to sell the goods secured before availing himself of the ordinary suit at law. In California it appears that in certain cases a creditor is so limited, but the whole matter is governed by the provisions of section 726 of the Code of Civil Procedure of that State of which we have no counterpart in Porto Rico.

Another ground of demurrer was that the complaint did

not state a cause of action, but the reasons for the objection are the same that were urged against the jurisdiction of the court.

The court gave judgment against the defendants in the sum of $2,060, with interest from July 8, 1909, and finding no error, the judgment must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Figueras, MacLeary and del Toro concurred.